UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JACKLYN J. PRICE and SHEREA DARNELL, | ) ) ) | |
| Petitioners, | ) ) | Civil No. 5:20-246-JMH |
| V. | ) ) | |
| FRANCISCO J. QUINTANA, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

**** **** **** ****

Petitioners Jacklyn J. Price and Sherea Darnell are federal prisoners currently incarcerated at the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky. Together, they have filed a pleading with the Clerk of the Court styled as a "Class Action Petition Seeking Placement of Home Confinement." [R. 1]. For administrative purposes, Petitioners' petition has been docketed as a civil rights action against prison officials pursuant to 42 U.S.C. § 1983. Petitioners have neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*.

After conducting a preliminary review of the "class action petition" filed by Petitioners, the Court concludes that, because the pleading filed by Petitioners suffers from numerous defects, the wisest course is to dismiss this matter without prejudice so that Price and/or Darnell may pursue their claims on their own

1

behalf in separate lawsuits should they choose to do so.[1]   The Court will decline to assess a filing fee at this time.

Petitioners' "petition" purports to be brought on behalf of themselves and "a class of similarly situated detained inmates in the custody of [FMC-Lexington]." [R. 1, at 1]. Petitioners allege that FMC-Lexington's "delayed and patently inadequate response to the COVID-19 pandemic" has resulted in 243 inmates and 7 staff members testing positive for the virus and 4 inmate deaths. *Id*. at 1-2.   Petitioners claim that FMC-Lexington has "failed to exercise the degree of care expected of a person of ordinary prudence in like circumstances in protecting others from a foreseeable and unreasonable risk of harm in a particular situation such as the Coronavirus pandemic.   This is ordinary negligence." *Id*. at 2.

Petitioners further claim that FMC-Lexington's response to the spread of COVID-19 has been "a mixture of ineptitude and indifference that threatens the safety or inmates, staff, their families, and the community," particularly the lack of mass testing

---

[1] To the extent that Petitioners' pleading is intended to be a civil rights complaint, a preliminary review is required by 28 U.S.C. §§ 1915(e)(2), 1915A.  To the extent that Petitioners seek habeas relief pursuant to 28 U.S.C. § 2241, petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

and failure to adequately implement measures to reduce the spread of the virus, including proper social distancing, sanitation of the facility, and access to soap and effective cleaning agents. *Id.* at 2-4.

Based on these allegations, Petitioners claim that Respondent Warden Francisco Quintana "has acted with deliberate indifference towards Petitioners and class members by knowingly subjecting them to conditions of confinement that increase their risk of contracting COVID-19, a disease for which there is no known vaccine or cure." *Id.* at 5. Petitioners state that Respondent has done so knowing that Petitioners and class members "suffer a substantial and unreasonable risk of serious harm to their health and safety," and, accordingly, has failed to adequately protect them from the risks of COVID-19. *Id.* As relief, Petitioners seek orders "1. Granting the petition; 2. Certifying the class; 3. Granting temporary, preliminary, and permanent injunction, directing Respondent to take all [incomplete]."[2] *Id.* at 5.

As an initial matter, it is not entirely clear whether Petitioners' pleading is meant to be a civil rights lawsuit

---

[2] Presumably due to a clerical error, the Petitioners' full request for relief is unknown, as this is where the sentence ends in the petition and the sentence is not continued on the next page. [*Id.* at p. 5]

alleging constitutional violations and filed against the Warden of
FMC-Lexington pursuant to *Bivens v. Six Unknown Federal Narcotics
Agents*, 403 U.S. 388 (1971), a complaint alleging claims of
negligence against the United States under the Federal Tort Claims
Act, 28 U.S.C. § 2670 *et seq.* ("FTCA"), or a habeas petition
challenging the manner or execution of their respective sentences
filed pursuant to 28 U.S.C. § 2241, as it appears to have echoes
of all three. However, despite Petitioners' references to
negligence and constitutional violations, several factors lead the
Court to conclude that Petitioners' pleading is intended to be a
petition for a writ of habeas corpus filed pursuant to 28 U.S.C.
§ 2241.

First, the title of Petitioners' petition, "Class Action
Petition Seeking Placement of Home Confinement," and their
references to "Petitioners" and "Respondent," suggest a petition
for habeas relief. In addition, Petitioners make no reference to
either the FTCA or *Bivens*, nor do they seek monetary damages from
the Respondent. To the extent that Petitioners refer to negligence
by Bureau of Prisons ("BOP") employees, Petitioners did not name
the United States as a Defendant to their Petition/Complaint.[3] To

---

[3] The "FTCA clearly provides that the United States is the only
proper defendant in a suit alleging negligence by a federal
employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th
Cir.1990) (citing 28 U.S.C. § 2679(a)).

4

the extent that Petitioners refer to Eighth Amendment violations, the only potential defendant identified is Warden Quintana. However, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-677 (2009). *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). If construed as constitutional claims for damages brought pursuant to *Bivens*, because Petitioners' claims would clearly seek to hold Quintana responsible in his capacity as the supervisor of FMC-Lexington, they are not proper *Bivens* claims. *See Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981) (the mere fact of supervisory capacity is not enough: respondeat superior is not an available theory of liability). *See also Iqbal*, 556 U.S. at 677 (2009).

In light of these considerations, the most likely conclusion is that Petitioners' intended to file a habeas petition pursuant to 28 U.S.C. § 2241. Indeed, the United States Court of Appeals for the Sixth Circuit has recently stated that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, No. 20-3447, --- F.3d ---, 2020 WL 3056217, at *5 (6th Cir. June 9, 2020). In *Wilson*, the petitioners contended

that there were *no* conditions of confinement sufficient to prevent irreparable constitutional injury at FCI-Elkton as a result of the spread of COVID-19, thus they sought release, which the Sixth Circuit noted is "the heart of habeas corpus."  *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)).  Similarly, in this case, although Petitioners' full request for relief is incomplete, the title of the petition requests immediate placement on home confinement, presumably on the grounds that there are no conditions of confinement at FMC-Lexington adequate to protect them from the spread of COVID-19.

However, to the extent that Petitioners seek immediate release to home confinement of all of the members of the unidentified class, in *Wilson*, the Sixth Circuit further explained that "the decision to bring a habeas claim, rather than one challenging the conditions of confinement, limits the type of relief available to petitioners.  A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress." *Wilson*, 2020 WL 3056217, at *6.

A motion for immediate release to home confinement is, in essence, a motion for modification of a sentence made pursuant to 18 U.S.C. § 3582.  However, a § 3582(c) motion for modification of an imposed term of imprisonment must be made to the Court that

sentenced each Plaintiff, and may not be filed in this Court.  *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). Indeed, "although the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment."  *See Wilson*, 2020 WL 3056217, at *11.

Moreover, Petitioners' desire for their claims to proceed as a class action also falters on several procedural grounds.  The would-be plaintiffs did not attempt to define the scope of the class or the claims encompassed within it, allege or argue that they satisfy the requirements for class certification set forth in Federal Rule of Civil Procedure 23(a)(1)-(4), or identify the type of class action appropriate under Rule 23(b)(1)-(3).  A complaint that fails to satisfy any of these substantive criteria does not warrant class certification.  See *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard."); *Newsom v. Norris*, 888 F. 2d 371, 381 (6th Cir. 1989).

More fundamentally, as *pro se* litigants, Price and Darnell may each represent their *own* respective interests pursuant to 28 U.S.C. § 1654, which permits parties to "plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  However, it is well-established that "plaintiffs in federal court may not

appear *pro se* where interests other than their own are at stake."
*Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (internal
quotation marks and citation omitted).  Because a *pro se* plaintiff
is not able to adequately and fairly represent the class, this
matter could not have proceeded as a class action in any event.
Cf. *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008)
(*citing Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001)).

For all of these reasons, the Court will dismiss this case
without prejudice to the rights of Price and Darnell to either
seek modification of their terms of imprisonment by filing a motion
in the courts that sentenced them pursuant to 18 U.S.C. § 3582(c)
or file complaints asserting their negligence and/or Eighth
Amendment claims in new, separate lawsuits.  However, to be clear,
should either Price or Darnell choose to institute a new action
asserting their negligence and/or Eighth Amendment claims without
the assistance of an attorney, they may *not* assert claims on behalf
of other individuals.

If either Price or Darnell wish to pursue their negligence or
constitutional claims in a civil rights lawsuit in this Court,
they must first file a formal complaint on the form approved for
use by this Court.   LR 5.3.   A plaintiff's complaint should
describe the ***facts*** of the case, specifically identifying the
people, dates, places, and actions which are relevant to her

8

claims, and explain what she wants the Court to do.  In addition, when filing a complaint, a plaintiff must also pay the $350.00 filing fee and the $50.00 administrative fee.  Fed. R. Civ. P. 3; 28 U.S.C. § 1914.  If a plaintiff cannot afford to pay the entire filing fee, she may file a motion to pay it in installments under 28 U.S.C. § 1915.  However, Section 1915 does not permit a plaintiff to avoid paying the filing fee; rather, it simply permits payment of the fee over time rather than in full immediately upon filing the complaint.  28 U.S.C. § 1915(b).  Such a motion must also be supported by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

Price and Darnell are further advised that **before** a plaintiff may file suit in court to challenge an action or decision by jail officials, she must complete, in its entirety, the inmate grievance process and pursue all available appeals under the applicable grievance procedures.  42 U.S.C. § 1997e(a).  If an inmate files suit before the prison grievance process is completed in its entirety, the Court will dismiss the case without prejudice.  In such case, the plaintiff will still be responsible for payment of

the entire filing fee, even if he she is granted permission to pay the fee in installments under 28 U.S.C. § 1915.

The Court will direct the Clerk of the Court to forward blank copies of the appropriate forms used to file a civil rights lawsuit to Price and Darnell that they may use if they wish to pursue their claims in a new case.  However, again, if either of them wishes to file a lawsuit without a lawyer, she may do so only on her own behalf.

Accordingly, the Court hereby **ORDERS** as follows:

1. Payment of the filing fees in this case are **WAIVED**;

2. The Petitioners' "Class Action Petition Seeking Placement of Home Confinement" [R. 1] is **DISMISSED WITHOUT PREJUDICE**;

3. Any pending requests for relief are **DENIED AS MOOT**;

4. This matter is **DISMISSED** and **STRICKEN** from the Court's docket;

5. The Court will enter an appropriate Judgment;

6. The Clerk of the Court shall send Price and Darnell the following **blank** forms so that either of them may individually file a new action regarding this matter if she chooses to do so: (a) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [E.D. Ky. 521 Form], (b) Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form], and (c) Certificate of Inmate Account [E.D. Ky. 523 Form]; and

10

7. If either Price or Darnell still wishes to pursue their claims, they should carefully follow the instructions regarding the filing fee described above in this Order.

This 18th day of June, 2020



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge